IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAROL ANN JOHNSON-KRUMM, Individually and as Personal Representative of the Estate of JUSTIN M. JOHNSON, deceased, | : : : : : | |
| Plaintiff, | : : | |
| v. | : : : | Civil Action No. 16-496-CFC |
| CITY OF SEAFORD, SEAFORD POLICE DEPARTMENT, LT. RICHARD JAMISON, SGT. THOMAS LEE, CPL. TOBY LAURION, CPL. JAMES BACHMAN, CPL. COLE SCOTT, in their Official and Individual Capacities. | : : : : : : : : : : | |
| Defendants. | : | |

Brian E. Farnan, Michael J. Farnan, Rosemary Jean Piergiovanni, FARNAN LLP, Wilmington, Delaware

*Counsel for Plaintiff*

Daniel A. Griffith, Kaan Ekiner, WHITEFORD TAYLOR & PRESTON LLC, Wilmington, Delaware

*Counsel for Defendants*

**MEMORANDUM OPINION**

May 10, 2019
Wilmington, DE

$\phantom{x}$ *signature*
COLM F. CONNOLLY
UNITED STATES DISTRICT JUDGE

Plaintiff Carol Ann Johnson-Krumm initiated this action with the pro se filing of a complaint against Defendants City of Seaford (the "City") and Seaford Police Department (the "Police Department") on June 24, 2016. D.I. 2. In November 2016, the Honorable Gregory M. Sleet, who originally presided over this action, issued an order to show cause why the complaint should not be dismissed for failure to serve process within 90 days of the filing of the complaint. D.I. 4. After receiving a letter from Plaintiff in response to the order to show cause, Judge Sleet issued an order on December 13, 2016 "pursuant to Fed. R. Civ. P. 4(m)" that granted Plaintiff until February 13, 2017 "to effect service upon the defendants." D.I. 8. Plaintiff subsequently retained counsel, who assisted her in filing a First Amended Complaint on November 6, 2017. The First Amended Complaint added claims against Lt. Richard Jamison, Sgt. Thomas Lee, Cpl. Toby Laurion, Cpl. James Bachman, and Cpl. Cole Scott in their official and individual capacities (collectively the "Individual Defendants"; collectively with City and the Police Department, "Defendants"). D.I. 40.

Pending before me is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) Plaintiff's claims against the Individual Defendants. D.I. 41.

I. BACKGROUND[1]

Plaintiff's claims arise from an incident occurring on July 11, 2014 at the Nanticoke Riverfest, an annual festival in Seaford, Delaware. D.I. 2 at 4–5; D.I. 40 at ¶¶ 15, 22. Plaintiff's son, Justin M. Johnson, was apprehended by Seaford police officers after being told he could not ride his bike through the festival. D.I. 2 at 4; D.I. 40 at ¶¶ 22–27. While Mr. Johnson was still on his bike and wearing a backpack, one of the officers handcuffed him and placed him under arrest. D.I. 2 at 4; D.I. 40 at ¶¶ 26–27. Shortly after being handcuffed, Mr. Johnson, while still wearing his backpack, broke free from the officers and ran into the Nanticoke River. D.I. 2 at 5; D.I. 40 at ¶ 38. Mr. Johnson struggled in the water and was pulled out by rescue personnel after he had been in the water for at least 30 minutes. D.I. 2 at 5; D.I. 40 at ¶¶ 40–46. After his rescue, Mr. Johnson was transported to Nanticoke Memorial Hospital, where he was declared brain dead. D.I. 2 at 5–6; D.I. 40 at ¶ 47. Mr. Johnson died on July 15, 2014. D.I. 40 at ¶ 48.

---

[1] Unless otherwise noted, the facts recited herein are taken from Plaintiff's complaints, which I generally "accept as true" for purposes of deciding a motion to dismiss. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004).

2

Plaintiff has alleged claims under 42 U.S.C. § 1983 against the City, the Police Department, and the Individual Defendants in their official capacities. D.I. 40 at 9–12. Plaintiff also alleges claims against the Individual Defendants in their individual capacities under § 1983 and Delaware state tort law. *Id.* at 12–16. Defendants have moved for dismissal of the claims against the Individual Defendants pursuant to Rule 12(b)(6) on the grounds that the claims are time-barred as a matter of law. D.I. 42 at 4.

## II. LEGAL STANDARD

To state a claim upon which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008).

## III. DISCUSSION

Defendants have moved for dismissal on the basis that the claims alleged against the Individual Defendants are time-barred, having been asserted after the expiration of the two-year statute of limitations. Plaintiff counters that the claims against the Individual Defendants relate back to the filing date of the original complaint and are permitted by Federal Rule of Civil Procedure 15(c)(1)(C).

"Section 1983 claims are characterized as personal injury claims, and district courts must apply the state statute of limitations for personal injury claims." *Gibbs v. Deckers*, 234 F. Supp. 2d 458, 461 (D. Del. 2002). Thus, each of Plaintiff's claims is subject to a two-year statute of limitations. *See* 10 Del. C. § 8119 (imposing a two-year statute of limitations for personal injury claims). "Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed." *Cohee v. Danberg,*, 2018 WL 1110285, at *2 (D. Del. Feb. 28, 2018). Here, the date of underlying incident was July 11, 2014, meaning Plaintiff was required to bring her claims by July 11, 2016 in order for them to fall within the two-year statute of limitations. Plaintiff filed her initial complaint before July 11, 2016 but she did not add her claims against the Individual Defendants until she filed her First Amended Complaint on November 6, 2017. Therefore, the claims asserted against the Individual Defendants will be time-barred unless Plaintiff

4

proves they relate back to the original complaint under Rule 15(c). *See Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 189 (3d Cir. 2001) ("Rule 15(c)[] provides for the 'relation back' of amended complaints that add or change parties if certain conditions are met, in which case the amended complaint is treated, for statute of limitations purposes, as if it had been filed at the time of the original complaint.").

Because Plaintiff names additional parties in her amended pleading, three conditions must be satisfied for her First Amended Complaint to relate back to the filing of the original complaint. First, the new claims must have arisen from the same conduct set out in the original pleading. *See* FED. R. CIV. P. 15(c)(1)(C). Second, within the time period provided by Rule 4(m), the newly named parties must have "received such notice of the action that [they] will not be prejudiced in defending on the merits." FED. R. CIV. P. 15(c)(1)(C)(i). Third, the newly named parties must have "kn[own] or should have known that the action would have been brought against [them] but for a mistake concerning the proper party's identity." FED. R. CIV. P. 15(c)(1)(C)(ii).

### A. Whether Plaintiff's Claims Against the Individual Defendants Arise Out of the "Same Conduct" Set Out in the Original Complaint

This first condition is satisfied because all of Plaintiff's claims arise out of the same conduct set out in the original complaint—the arrest of Plaintiff's son and his subsequent escape from police custody. *See* D.I. 2 at 4–5; D.I. 40 at 5–8.

Defendants argue that Plaintiff's First Amended Complaint does not satisfy the "same conduct, transaction, or occurrence test" because the original complaint does not name any of the Individual Defendants and did not allege civil rights violations. D.I. 45 at 7–8. But although the original complaint did not name individual police officers or allege specifically violations under 42 U.S.C. § 1983 or state tort laws, it contained the same factual allegations found in the First Amended Complaint regarding the actions of the officers. *Compare* D.I. 2 at 4–5 *with* D.I. 40 at 5–8. Therefore, I find that the claims asserted against the Individual Defendants in the First Amended Complaint arise out of the same conduct set out in the original complaint.

### B. Whether the Individual Defendants Received within The Time Period Provided by Rule 4(m) Such Notice of the Action That They Are Not Prejudiced in Maintaining a Defense

To determine whether this condition is satisfied I must resolve: first, what was the time period provided by Rule 4(m); and second, whether the Individual Defendants received within that period such notice of the action that they are not prejudiced in defending themselves on the merits.

#### 1. The Time Period Provided by Rule 4(m)

It is undisputed that, for purposes of Rule 15(c)(1)(C)(i), the "time period provided by Rule 4(m)" includes any court-ordered extension of the time for service. Accordingly, as a result of Judge Sleet's December 13, 2016 order, the

6

relevant notice period under Rule 15(c)(1)(C)(i) was extended through February 13, 2017. *See Lopez v. Bucks Cty.*, 2016 WL 3612056, at *4 n.5 (E.D. Pa. July 5, 2016) (extending the Rule 15(c)(1)(C) notice period to include the extension granted by the court for time of service); *Williams v. City of York, Pa.*, No. 15-0493, 2016 WL 2610007, at *7 (M.D. Pa. May 6, 2016) (same).[2]

### 2. Whether the Individual Defendants Received Sufficient Notice

The notice requirement of Rule 15(c)(1)(C) "does not require actual service of process on the party sought to be added; notice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some informal means." *Singletary*, 266 F.3d at 195. Thus, notice may be actual or imputed.

---

[2] Defendants argued in their Opening Brief that "[u]nder Rule 4(m), service of the summons and complaint should be made upon defendants within 120 days of the filing of the complaint." D.I. 42 at 11 n.2. According to Defendants, "[d]ispositive to this [motion] is the fact that sufficient notice was not provided the [Individual] Defendants with 120 days of the filing of the Complaint." *Id.* at 12. Rule 4(m), however, was amended in 2015 to shorten the time period for service from 120 days to 90 days after the filing of the complaint. *See* FED. R. CIV. P. 4(m) advisory committee note to 2015 amendment ("The presumptive time for serving a defendant is reduced from 120 days to 90 days. . . . Shortening the time to serve under Rule 4(m) means that the time of the notice required by Rule 15(c)(1)(C) for relation back is also shortened."). Plaintiff made note in her Answering Brief of the 90-day period prescribed by the amended Rule 4(m), and also cited the *Lopez* and *Williams* cases for the proposition that Rule 15(c)(1)(C) allows not only the 90 days specified by Rule 4(m) but also any additional time resulting from any extension of the time period ordered by the court. Defendants did not challenge this proposition in their reply brief.

It is undisputed that the original complaint was served on the Police Department on January 31, 2017. Plaintiff argues that this service constitutes both actual and imputed notice to the Individual Defendants for purposes of Rule 15(c)(1)(C)(i). In Plaintiff's words, given the size of the Police Department, it "strains credulity to believe that five of its officers . . . would not have known of Plaintiff's lawsuit implicating their conduct." D.I. 43 at 9. Defendants counter that Plaintiff's assertion is an "*ipsi dixit* argument" and "nothing more than Plaintiff requesting that this Court impute notice upon the [Individual] Defendants on a mere basis of their employment." D.I. 45 at 3–4.

Although I agree with Defendants that notice cannot be imputed to the Individual Defendants simply on the basis of their employment by the Police Department,[3] three circumstances suggest that the Individual Defendants may have

---

[3] The Third Circuit has recognized two "methods of imputing notice": the "shared attorney" method and the "identity of interest" method. *Singletary*, 266 F.3d at 189. I find that notice cannot be imputed to the Individual Defendants under either method. First, although all of the defendants are now represented by the same attorneys, the Individual Defendants were not represented by the same attorneys during the relevant time period. Thus, the "shared attorney" method fails. *See Wallace v. Houston*, 2015 WL 877887, at *4 (D. Del. Feb. 26, 2015) (finding that the "shared attorney" method failed because the "Newly Added Defendants were not represented at any time during the relevant [] period"). Second, a court may impute notice under the "identity of interest" method "if the parties are so closely related in their business operations or other activities that filing suit against one serves to provide notice to the other of the pending litigation." *Garvin v. City of Phila.*, 354 F.3d 215, 227 (3d Cir. 2003). The Third Circuit has held non-managerial employees "do[] not share a sufficient nexus of interests with [their] employer," such that notice can be imputed. *Singletary*, 266 F.3d at 300. The

8

had actual notice of this action before February 13, 2017: (1) the small size of the Police Department (it is undisputed that the Police Department has 27 officers); (2) the fact that the original complaint was served at the Police Department's only location; and (3) the fact that during the two-week period between the complaint's service and February 13, 2017, the City and the Police Department moved to dismiss the original complaint.

Plaintiff has requested that "[i]n the event the Court doubts whether the Individual Defendants had actual or constructive notice of this action," she be given an opportunity to take "limited discovery to confirm their notice." D.I. 43 at 12. I agree that such limited discovery is appropriate, but only if Plaintiff meets the third condition she must satisfy under Rule 15(c)—i.e., whether the newly named parties "knew or should have known that the action would have been brought against [them] but for a mistake concerning the proper party's identity."

### C. Whether Plaintiff's Failure to Name the Individual Defendants Constitutes Mistake

"[Rule 15(c)'s] mistake requirement has been held to be met (and thus relation back clearly permitted) for an amended complaint that adds or substitutes a party when a plaintiff makes a mistake by suing the state but not individual officers

---

Third Circuit has extended the definition of "non-managerial employees" to include police officers. *Garvin*, 354 F.3d at 227. Therefore, the "identity of interest" method also fails.

in a § 1983 action." *See Singletary*, 266 F.3d at 202 n.5. Taking "into consideration [Plaintiff's] pro se status [at the filing of the original complaint] and that § 1983 liability is predicated upon personal involvement in the alleged wronging," *Davis v. Corr. Med. Sys.*, 480 F. Supp. 2d 754, 761 (D. Del. 2007), I find that Plaintiff's failure to name the Individual Defendants meets the mistake requirement of Rule 15(c)(1)(C)(ii).

## IV. CONCLUSION

For the reasons explained above, I will deny without prejudice Defendants' motion to dismiss Plaintiff's claims against the Individual Defendants. As I am not yet able to determine whether the Individual Defendants had actual notice of the original complaint, I will grant Plaintiff's request to take discovery for the limited purpose of ascertaining whether the Individual Defendants had actual notice of the lawsuit as of February 13, 2017. I will allow Defendants to renew their motion after such discovery is concluded.

The Court will enter an order consistent with this Memorandum Opinion.