IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CAROL ANN JOHNSON-KRUMM,

    *Plaintiff,*

v.    No. 1:16-cv-496-SB

CITY OF SEAFORD, et al.,

    *Defendants.*

---

Brian E. Farnan, Michael J. Farnan, Rosemary J. Piergiovanni, FARNAN LLP, Wilmington, Delaware.

    *Counsel for Plaintiff.*

Daniel A. Griffith, Kaan Ekiner, WHITEFORD, TAYLOR & PRESTON LLC, Wilmington, Delaware.

    *Counsel for Defendants.*

---

**MEMORANDUM OPINION**

April 27, 2021

BIBAS, *Circuit Judge*, sitting by designation.

Though the police may have a moral duty to save someone from his own mistake, they have no constitutional duty to do so. To escape the Seaford police, Justin Johnson jumped into a river and drowned. According to his mother, the police failed to save him because the City had not trained them in water rescue. Yet even if she is right, she cannot sue the City over this tragedy: the police had no constitutional duty to help.

In July 2014, Seaford policemen were patrolling the City's Nanticoke River festival. D.I. 85, at 5; D.I. 88, at 2. They saw Justin Johnson, who they knew was wanted for credit-card fraud. So they arrested and handcuffed him. D.I. 85, at 6. But Johnson shoved a policeman, bolted, jumped into the river, and swam away. As he swam further out while still handcuffed, he struggled to stay afloat. A policeman tried to rescue him. But Johnson drowned. *Id.* at 7; D.I. 88, at 3–4.

Johnson's mother has sued the City and its police department. She blames them for failing to train the policemen in water rescue or to give them rescue equipment. Compl., D.I. 40, at 9–12. This error, she argues, violated Johnson's due-process rights and caused his death. The City and the police department have moved for summary judgment. D.I. 84. I may grant the motion if there is no genuine dispute of material fact and if the defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

The parties debate whether the City had an adequate water-rescue policy. But I need not decide that, because it was not required to have any policy. The "Due Process

Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989). So "[t]he plaintiff's allegations of municipal policy cannot surmount the main obstacle to her claim: the city simply had no constitutional obligation to save [Johnson from drowning]." *Ross v. United States*, 910 F.2d 1422, 1428 (7th Cir. 1990); *accord Andrews v. Wilkins*, 934 F.2d 1267, 1270 (D.C. Cir. 1991) (holding that the police "had no constitutional duty to rescue" a man who drowned while trying to escape them).

There are two exceptions to *DeShaney*, but neither applies here. First, the City might have had a duty to save Johnson if it "made [him] more vulnerable" to drowning and if (among other things) that danger was "foreseeable and fairly direct." *Johnson v. City of Philadelphia*, 975 F.3d 394, 400 (3d Cir. 2020). The handcuffs did make Johnson more vulnerable—but only because he then jumped in the river. That was not foreseeable, and his mother does not argue otherwise. *Accord Hermann v. Cook*, 114 F. App'x 162, 163–65 (6th Cir. 2004) (holding that the police had no duty to rescue a man who drowned while in handcuffs, because his unexpected escape and dash into a river caused his death).

Second, this case might be different if the city had taken Johnson "into its custody and h[e]ld[ ] him there against his will." *DeShaney*, 489 U.S. at 199–200. Then, because Johnson would have been "render[ed] unable to care for himself," the City would have needed to "provide for his basic human needs … [like] reasonable safety." *Id.* at 200.

3

That exception is also inapt. By custody, the Supreme Court meant "incarceration, institutionalization, or other similar restraint of personal liberty." *Id.* Someone fleeing the police, even in handcuffs, was not in their custody, let alone held against his will. *See id.* at 199–200; *see, e.g.*, *Hellum v. Warden, U.S. Penitentiary–Leavenworth*, 28 F.3d 903, 905 (8th Cir. 1994) (explaining that a defendant had "escape[d] from custody" "[d]espite being bound by handcuffs"); *see also Custody* (def. 1), *Black's Law Dictionary* (11th ed. 2019) ("[t]he care *and control* of a … person" (emphasis added)). Johnson did not drown because the police had restrained his movement; he drowned only because they *failed* to.

Because Johnson was not in police custody when he drowned, the City and the police had no constitutional duty to rescue him. So it does not matter whether they had an adequate water-rescue policy. They had no duty to have any policy at all. Thus, the due-process claim may not go to trial. I will grant the motion for summary judgment.